384 F.2d 979
 128 U.S.App.D.C. 10
 NEW YORK FOREIGN FREIGHT FORWARDERS AND BROKERS ASSOCIATION,
Inc., Petitioner,
v.
FEDERAL MARITIME COMMISSION and United States of America,
Respondents.
Associated Latin American Freight Conferences, National
Customs Brokers and Forwarders Association of America, Inc.,
River Plate & Brazil Conferences, North Atlantic Baltic
Freight Conference, North Atlantic Continental Freight
Conference, North Atlantic French Atlantic Freight
Conference, North Atlantic Mediterranean Freight Conference,
North Atlantic United Kingdom Freight Conference, Far East
Conference, Intervenors.
 No. 20868.
 United States Court of Appeals District of Columbia Circuit.
 Argued June 23, 1967.
Decided Oct. 10, 1967.
 
 Mr. Gerald H. Ullman, New York City, for petitioner.
 Mr. Joseph F. Kelly, Jr., Atty., Federal Maritime Commission, with whom Asst. Atty. Gen. Donald F. Turner, Messrs. James L. Pimper, Gen., Counsel, Robert N. Katz, Sol., Walter H. Mayo III, Atty., Federal Maritime Commission, Irwin A. Seibel and W. Richard Haddad, Attys., Dept. of Justice, were on the brief, for respondents.
 Mr. John R. Mahoney, New York City, for intervenor Associated Latin American Freight Conferences, and others.
 Mr. Elkan Turk, Jr., New York City, for intervenor Far East Conference.
 Mr. Thomas K. Roche, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Andrew A. Normandeau, Washington, D.C., was on the brief, for intervenor National Customs Brokers and Forwarders Ass'n of America, Inc. Mr. Gerald A. Malia, Washington, D.C., also entered an appearance for intervenor National Customs Brokers and Forwarders Ass'n of America, Inc.
 Before EDGERTON, Senior Circuit Judge, and BURGER and LEVENTHAL, Circuit Judges.
 PER CURIAM:
 
 
 1
 We are asked to review a final order of the Federal Maritime Commission promulgating certain regulations affecting independent ocean freight forwarders. Petitioner challenges the Commission's authority to promulgate these rules and regulations as well as the reasonableness of the four rules in question. We conclude that the Commission has the requisite authority for the promulgation of these regulations and that Rules 510.23(f), 510.24(a), and 210.24(f), 46 C.F.R. 510.23(f), 510.24(a), 510.24(f) (1967), are reasonable and not in conflict with any ascertainable intent of Congress. We therefore affirm the order under review as to these rules.
 
 
 2
 We also have a challenge to the rule set out in 46 C.F.R. 510.22(a) (1967). The rule was amended in 1966 to add, inter alia, the italicized sentence:
 
 
 3
 (a) An oceangoing common carrier may perform freight forwarding services without a license only with respect to cargo carried under its own bill of lading, in which case the charge(s) for each forwarding service the carrier is willing to perform shall be assessed, in accordance with the carrier's published tariffs on file with the Commission. Any forwarding service on cargo carried under its own bill of lading which the carrier is willing to perform free of charge, including presentation of executed Shipper's Export Declarations to customs authorities, shall be specified in its tariffs.
 
 
 4
 Petitioner contends that this rule operates as a general approval, by implication, of performance by carriers of forwarding services without extra charge. Intervenor contends that the rule only seeks information as to charges made (or not made) and implies no approval of amounts charged or of any failure to exact a charge. We are not advised of any Commission elucidation. We think it is in the interests of sound judicial administration to stay the proceeding pending the Commission's further consideration and express clarification of the rule.
 
 
 5
 Affirmed in part and remanded in part for further consideration.